IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL R. ROMERO SANTANA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 10-1652 (DRD)
(CRIMINAL 08-0278(DRD))

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 31, 2008, petitioner Angel R. Romero Santana and two other defendants were charged in a two-count information with aiding and abetting each other in knowingly and intentionally possessing with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States, that is, a vessel in the contiguous zone of the United States, that is, a hovering vessel, as defined in Title 46, United States Code, Section 70502(c)(1)(F)(iii).  The District of Puerto Rico was the first point where the defendants entered the United States after the commission of the offense.  All in violation of Title 46 United States Code Sections 70503(a)(1), 70504(B)(1) and Title 18, United States Code §2.  Count Two charged the three defendants with aiding and abetting each other in knowingly possessing a firearm,

CIVIL 10-1652 (DRD)                    2
(CRIMINAL 08-0278 (DRD))

that is, an AK-47 assault rifle, during and in relation to a drug trafficking crime for

which for which they may be prosecuted in a Court of the United States, to wit:

possession with intent to distribute five hundred grams or more of a mixture or

substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug

Controlled Substance, on board a vessel subject to the jurisdiction of the United

States. In violation of Title 18 United States Code Section 924(c)(1)(a) and Title

18 United States Code Section 2. (Criminal 08-0278 (DRD), Docket No. 4.)

Petitioner entered a plea of guilty on the same day and was sentenced on October

31, 2008 to a total of 120 months imprisonment, the statutory minimum allowed

by law. (Criminal 08-0278 (DRD), Docket No. 31.)  No appeal was taken from the

judgment which was entered on the docket November 3, 2008.

    This  matter is before the court on motion filed by petitioner Angel R.

Romero Santana on July 14, 2010 to vacate, set aside or correct sentence

pursuant to 28 U.S.C. § 2255.  (Docket No. 1.)  The government filed a response

in opposition to the motion on October 14, 2010.  (Docket No. 3.)  Petitioner filed

a reply to the response on November 9, 2010. (Docket No. 4.)  The matter was

referred to me for report and recommendation on February 7, 2012.  (Docket No.

6).

CIVIL 10-1652 (DRD)                              3
(CRIMINAL 08-0278 (DRD))

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and two others were arrested aboard a vessel off the coast of Desecheo Island, which vessel was navigating without lights traveling north toward Puerto Rico.  The vessel was intercepted on April 16, 2008 by U.S. Customs and Border Protection Marine Units.  Six bales containing a total of 174 brick-shaped packages containing cocaine were found aboard the vessel, together with an AK-47 assault rifle and ammunition for the weapon.  The vessel apparently originated in the Dominican Republic. (Criminal 08-0278 (DRD), Docket No. 14.)    A complaint was filed on April 17, 2008 (08-0252m-BJM, Docket No. 1). The U.S. magistrate judge found probable cause after a preliminary hearing held on May 1, 2008.  (08-0252m-BJM, Docket No. 1).   Petitioner was ordered detained pending trial.  Petitioner was then indicted by a grand jury of this court in a four-count indictment charging two conspiracy counts and two substantive counts. (Criminal 08-0180 (DRD), Docket No. 25).  Petitioner waived indictment on July 31, 2008. (Criminal 08-0278 (DRD), Docket No. 1.)  Petitioner entered a guilty plea to the information based upon a plea agreement signed by petitioner on the same day. (Criminal 08-0278 (DRD), Docket No. 14.)   The

CIVIL 10-1652 (DRD)                          4
(CRIMINAL 08-0278 (DRD))

indictment was dismissed on November 12, 2008. (Criminal 08-0180 (DRD),

Docket No. 56.)

On March 15, 2011, petitioner filed a motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255. ( Docket No. 1.)  Before addressing the

substance of his motion, petitioner notes that the reason that he was unable to

file the petition before within the statute (of limitations) was that he had no

knowledge about the law and he is a non-English speaker, which prevented him

from reading any law books and learning principles of law. Id. at 2.  He received

a 7th grade education in the Dominican Republic, his native land.  (Docket No. 1-

2.)  He notes that he was transferred from the local federal detention facility to

FCI Yazzo in Mississippi where he faced people with a different language, English.

He was later transferred to Adams CCC, also in Mississippi, where he learned of

his right to file this petition from his co-defendants whom he encountered there.

He notes that he entered a plea of guilty before the Honorable Daniel R.

Dominguez, United States District Judge, in July, 2008 (although he entered a

guilty plea to the information before Honorable Marcos Lopez,  United States

Magistrate Judge in that month.)   Petitioner claims that he suffered ineffective

assistance of counsel since his attorney failed to advise him that at the guilty plea

that  he was admitting to the possession of a firearm for which the court could

impose a 60-month consecutive sentence with the other count.  He stresses that

CIVIL 10-1652 (DRD)                    5
(CRIMINAL 08-0278 (DRD))

this is clearly a violation of his right to adequate representation of counsel.  He also argues that his waiver of appeal was not knowingly and voluntarily made and that he was not made aware of the consequences of waiving appeal.  Petitioner says he had no idea of the elements of the offense to which he was pleading guilty and that counsel informed him that the only offense he was pleading guilty to was for cocaine. The only instruction of counsel was for him to sign the plea agreement.  Petitioner stresses that he was prejudiced due to the actions of his attorney. He says that he would have rejected the plea agreement and the waiver clause if he would have known about them.  He specifically asks for an out-of-time appeal.   Petitioner argues that his sentence was unreasonable under the factors set forth in 18 U.S.C. §3553(a)(6), citing United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 552 U.S. 85 (2007).  He notes that United States citizens who commit the same offense and who are equally culpable, and who receive the identical guideline base offense level for the same offense will not serve the same amount of time because United States citizens are eligible to serve their terms of imprisonment in minimum security facilities, and they are eligible to serve less than 10% of their term of imprisonment in a halfway house or other community custody programs, including home confinement.   He concludes that other defendants equally culpable will serve less time that he because he is a deportable alien.  He argues that 70 months was unreasonable

CIVIL 10-1652 (DRD)                           6
(CRIMINAL 08-0278 (DRD))

(Docket 1-1 at 10), although he was sentenced to 60 month sentences.  As a Dominican national, after finishing his sentence, petitioner faces deportation proceedings which take months of extra incarceration at an Immigration detention facility. Id. at 11.

On October 14, 2010, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely.  The government does not address the merits of the petition. (See Docket No. 3.)  It notes that judgment was entered on November 3, 2008 and that no appeal was filed.   Therefore the conviction became final on November 17, 2008. See Atkins v. United States, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).  The petition was signed on July 7, 2010, thus arguably making it seven months and 23 days late.  The government responds to the lack of English language argument and notes that is unavailing since ignorance of the law, or misreading the law or misunderstanding is no excuse. (Docket No. 3 at 3, n.1.)

Petitioner filed a reply to the response on November 9, 2010. (Docket No. 4).  Conceding that the petition must be filed within a year of the final judgment of conviction, petitioner notes that the period may be equitably tolled on grounds apart from the specific statute, and that tolling is allowed in only extraordinary circumstances. See Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002);   Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001);  Delaney v. Matesanz, 264 F.3d

CIVIL 10-1652 (DRD)                         7
(CRIMINAL 08-0278 (DRD))

7, 15 (1st Cir. 2001).  Petitioner repeats the reasons for equitable tolling being his lack of knowledge of the English language and learning of his rights from his co-defendants at Adams CCC in Mississippi.  Indeed, petitioner makes an extensive retort to the government's argument about his lack of knowledge of the law and of the English language.

## II. LIMITATIONS

.  The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).  The current petition was clearly filed over a year from the date petitioner's sentence became final and unappealable.  However, the inquiry does not necessarily stop there.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences.  In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by   governmental action in violation of the

CIVIL 10-1652 (DRD)                              8
(CRIMINAL 08-0278 (DRD))

> Constitution or laws of the United States is removed, if
> the movant was prevented from making a motion by such
> government action;
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The terse argument of the United States, that the petition is time-barred, is correct. The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011). To carry the burden of establishing the basis for equitable tolling, the petitioner must show " ' "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" Id. at 323, quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010), which in turn quotes Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). There are no extraordinary circumstances present which support a favorable invocation of entitlement to equitable relief.    There is no showing of reasonable or due diligence on the part of the petitioner in seeking relief, other than to wait to find himself with his co-defendants to be told for the first time by them of the

CIVIL 10-1652 (DRD)                    9
(CRIMINAL 08-0278 (DRD))

availability of federal habeas relief.  See   Barreto-Barreto v. United States, 551

F.3d 95, 101 (1st Cir. 2008); Cordle v. Guarino, 428 F.3d 46, 48-49 (1st Cir.

2005); Akins v. United States, 204 F3d. at 1089-90.)   I am not ignoring the fact

that petitioner does not read or write English but it taxes credulity to believe that

there were no bilingual inmates, nor correctional personnel nor inmate law clerks,

or jailhouse lawyers, which could  assist petitioner in timely exercising his rights.

Having difficulty with the English language is not an extraordinary circumstance

to justify tolling the time requirement in §2255. Pava v. United States, 2011 WL

1337510 at 4, citing United States v. Montano, 398 F.3d 1276, 1280, n.5 (11th

Cir. 2005); see Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002).  Petitioner's

argument is simple and undeveloped notwithstanding a fellow inmate  apparently

writing his briefs.  Ultimately, ignorance of the law does not entitle petitioner to

equitable relief . See Lattimore v. Dubois, 311 F.3d at 55;  Aponte-Cruz v. United

States, 2009 WL 1457703 (5/21/2009), citing Marsh v. Soares, 223 F.3d 1217,

1220 (10th Cir. 2000).   Petitioner's  pleading was signed on July 7, 2010.  One is

forced to conclude that petitioner's claim is time-barred.   See Trenkler v. United

States, 268 F.3d at 24-27.   Nevertheless, I discuss the merits of the petition with

the  clear  admonition  that  petitioner's  allegations  related  to  the  merits  are

pellucidly contradicted by the record, and particularly his statements given under

oath.  This contrast between what is argued here, and attested to, and what was

CIVIL 10-1652 (DRD)                    10
(CRIMINAL 08-0278 (DRD))

said to the judicial officers is a factor which weighs heavily against equitable tolling of the limitations period.

### III.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing.  Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).  Petitioner has sought an evidentiary hearing.  It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).  "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the

CIVIL 10-1652 (DRD)                    11
(CRIMINAL 08-0278 (DRD))

movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

*Ineffective Assistance of Counsel*

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."  U.S. Const. amend. 6.  To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). "This inquiry involves a two-part test."  Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007).  "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690.)  "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)).  "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'"  Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)).  The test includes

CIVIL 10-1652 (DRD)                    12
(CRIMINAL 08-0278 (DRD))

a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8) (quoting Strickland v. Washington, 466 U.S. at 694); see Mattei-Albizu v. United States, 699 F. Supp. 2d 404, 407 (D.P.R. 2010).  However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 691).  Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15).  The defendant bears the burden of proof for both elements of the test.  Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005), cert. denied, 525 U.S. 942 (2010), (citing Scarpa v. DuBois, 38 F.3d at 8-9).

CIVIL 10-1652 (DRD)                    13
(CRIMINAL 08-0278 (DRD))

In <u>Hill v. Lockhart</u> the Supreme Court applied <u>Strickland</u>'s two-part test to ineffective assistance of counsel claims in the guilty plea context. <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel."). As the <u>Hill</u> Court explained, "[i]n the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in [other cases]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." <u>Hill v. Lockhart</u>, 474 U.S. at 58-59. Accordingly, petitioner would have to show that there is "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59.

Petitioner primarily contends that he would have gone to trial rather than to plead guilty to a firearms charge and waive his right to appeal. This was a negotiated plea agreement. Clearly he argues that he knew nothing of it except for the cocaine. He received the statutory minimum sentence of 60 months in both counts and the court was not allowed by law to sentence him to less than 120 months. The plea agreement was exactly what was negotiated and while petitioner was put on notice that the court was not bound by the plea agreement

CIVIL 10-1652 (DRD)                           14
(CRIMINAL 08-0278 (DRD))

and the recommendation of the prosecution, he received the most favorable sentence under the circumstances.  Each page of the plea agreement is initialed by petitioner.  Indeed it is clear that the prosecutor did not deviate from the agreed-to recommendation.  Petitioner at sentencing was well aware of the evidence petitioner was facing, as reflected in his signature at the end of the statement of facts in the plea agreement.

There is no credible evidence to support the petitioner's claim that his attorney's representation fell below an objective standard of reasonableness, nor does the record support that but for the alleged errors by the attorney, petitioner instead of pleading guilty would have done something else, such as proceeded to trial, or stood fast for a more favorable plea offer, or entered a straight plea. Indeed, petitioner does not announce that he wishes to withdraw his guilty plea but rather wishes for the court to re-sentence him to allow him to appeal. Generically, he asks for all relief he is entitled to. (Docket No. 9 at 13.)  He also asks that his status as a deportable alien be considered since he is subject to serve extra incarceration time. (Docket No. 1-1 at 11.)    Petitioner's arguments only contradict the fact that during the Rule 11 procedures the petitioner agreed with the government's version of the facts.  I explain.

At the plea hearing on July 31, 2008 before United States Magistrate Judge Marcos Lopez, petitioner and both other defendants were placed under solemn

CIVIL 10-1652 (DRD)                    15
(CRIMINAL 08-0278 (DRD))

oath, that is, that they swore to tell the truth.  (Docket No. 54 at 3.)[1]    The

magistrate judge explained to the three that if they did not understand a question,

he would rephrase the question. Petitioner understood that.  (Docket No. 54 at 4.)

 Of the three defendants, petitioner was designated to answer first. The

importance of answering questions truthfully was stressed to petitioner by the

judge.  Petitioner was asked if he was aware of the charges in the information and

if he had discussed the charges with his attorney.  When petitioner said he was

able to understand a little, the judge asked him, "Sir, were you able to understand

when you discussed the indictment - - information with your attorney what is it

that you are going to be accused of in those two charges?" Petitioner answered

"Yes." (Docket No. 54 at 8-9.)  Petitioner noted that he was there "to plead

guilty".  (Docket No. 54 at 9.)    He also noted that his attorney had provided

effective legal representation and that he had discussed pleading guilty with his

attorney.   The magistrate judge conducted the traditional plea colloquy with

petitioner.  The forms petitioner signed were read in the Spanish language to him

and  an  interpreter  translated  the  proceedings  simultaneously.    Petitioner

acknowledged that he understood that by pleading guilty, he would be found

guilty and no longer presumed innocence as to both counts of the information.

---

[1]Docket No. 54 relates to the transcript of the change of plea hearing held
on July 31, 2008 before the Honorable Marcos Lopez. (Crim No. 08-278 (DRD)).

CIVIL 10-1652 (DRD)                    16
(CRIMINAL 08-0278 (DRD))

(Docket No. 54 at 26.)    Petitioner also understood that as a non U.S. citizen, there were administrative consequences to his guilty plea, such as deportation. (Docket No. 54 at 27.)  Petitioner understood that even if a maximum penalty were imposed, the plea could not be withdrawn.  (Docket No. 54 at 28.)  The magistrate judge was meticulous with petitioner in relation to the plea agreement, making reference to the initials on the pages of the plea agreement, which initials petitioner acknowledged as his own, as well as his signature. (Docket No. 54 at 30.)   Petitioner acknowledged that the plea agreement was explained to him by his attorney in the Spanish language.  (Docket No. 54 at 31.)   The assistant Federal Public Defender in court noted that the plea agreement was translated for the defendant in her presence.  (Docket No. 54 at 31-32.)  Petitioner also acknowledged  having a reasonable opportunity to discuss all of the terms and conditions of the plea agreement with his attorney prior to the hearing and that he understood the explanations.  (Docket No. 54 at 32.)  The prosecutor announced that the plea was a package deal but the magistrate judge informed the three defendants that if they felt they were innocent, they should not be pleading guilty simply because the other two are pleading guilty.  The three understood that.  (Docket No. 54 at 36.)    Petitioner answered "Yes" to the following question: "Sir, are you pleading guilty - -are you pleading guilty

CIVIL 10-1652 (DRD)                    17
(CRIMINAL 08-0278 (DRD))

voluntarily because you honestly believe that you are guilty of the two offenses charged in the information?"  (Docket No. 54 at 37.)

Again, the judge meticulously read each count separately and asked petitioner as to both if this is one of the charges he was pleading guilty to.  The magistrate judge then asked, "Do you understand that the Court must impose the penalty as to count two consecutively to the penalty on count one?"  Petitioner and the other two defendants answered "Yes". (Docket No. 54 at 42.)  Petitioner understood the explanation of the Sentencing Guidelines and understood that the Court could not sentence below the statutory minimum.   (Docket No. 54 at 45.)

The magistrate judge explained the waiver of appeal clause and petition and the others acknowledged understanding the consequences of the waiver of appeal clause.  (Docket No. 54 at 47.)   Petitioner accepted the version of facts outlined by the prosecutor, including the possession of the cocaine and assault rifle. (Docket No. 54 at 48-49.)   Petitioner then admitted committing the offenses charged.   (Docket No. 54 at 50.)  Petitioner pleaded guilty as to both counts one and two.  (Docket No. 54 at 51.)

At sentencing before the Honorable Daniel R. Dominguez, petitioner was asked if the presentence report was thoroughly discussed with him by his attorney to favor him with a reduction in the quantity of drugs? He replied, "Yes." (Docket

CIVIL 10-1652 (DRD)                        18
(CRIMINAL 08-0278 (DRD))


No. 55 at 3.)[2]    Petitioner was carefully explained by the judge ". . .are you aware, that if the Court accepts your plea, and sentences you to what you have agreed, that that will trigger a waiver of appeal, and you may not even appeal the sentence in this case?"  Petitioner answered, "Yes." (Docket No. 55 at 6.)   The petitioner clearly understood that he was being sentenced to the bare statutory minimums.  (Docket No. 55 at 7.)   Again, petitioner understood that his sentence must be consecutive.    (Docket No. 55 at 9.)

.    Having related the proceedings before the district court, I note that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Lefkowitz v. Newsome, 420 U.S. 283, 288 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)); see Nieves-Ramos v. United States, 430 F. Supp. 2d 38, 43 (D.P.R. 2006); Caraballo Terán v. United States, 975 F. Supp. 129, 134 (D.P.R. 1997).

Petitioner overlooks the fact that his attorney negotiated a favorable plea agreement with the government, and if one considers what sentence he might have received after trial or after a straight plea, particularly in a case involving a

---

[2]Docket No. 55 relates to the transcript of the sentencing hearing  held on October 31, 2008 before the Honorable Daniel R. Dominguez. (Crim No. 08-278 (DRD)).

CIVIL 10-1652 (DRD)                    19
(CRIMINAL 08-0278 (DRD))

an assault rifle (which carries a maximum sentence of life imprisonment), and a huge amount of cocaine, substantially reduced for purposes of accountability, petitioner could have faced a much longer sentence.

It is well settled that a court "will not permit a defendant to turn his back on his own representations to the court merely because it would suit his convenience to do so." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quoting United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989)). "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy." Torres-Quiles v. United States, 379 F. Supp. 2d 241, 248-49 (D.P.R. 2005) (citing United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997)). Thus, the petitioner "should not be heard to controvert his Rule 11 statements . . . unless he [has] offer[ed] a valid reason why he should be permitted to depart from the apparent truth of his earlier statement[s]." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). "[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d at 80 (citing Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). The Supreme Court has noted that in the context of a challenged representation, "strategic choices made after thorough

CIVIL 10-1652 (DRD)                    20
(CRIMINAL 08-0278 (DRD))

investigation of law and facts relevant to plausible options are virtually unchallengeable . . . . " Strickland v. Washington, 466 U.S. at 690.  Because of the wide range of tactical decisions that a criminal defense attorney may be presented with in any given trial, judicial scrutiny of the attorney's performance must be "highly deferential" and indulge a strong presumption that the challenged action "might be considered sound trial strategy." Id. at 689.  Indeed, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effect of hindsight . . . . " Id.

In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'" Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974) (quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961)).

Finally, the court also took into account the fact that the petitioner had accepted responsibility for his criminal conduct in a timely manner, therefore granting him a three-level reduction.  Docket No. 55 at 10.  The government also acknowledged facts beneficial to petitioner when it could have been less munificent.  All three defendants received the same sentence.  Indeed, all three, not surprisingly, have filed similar although not identical motions to vacate

CIVIL 10-1652 (DRD)                     21
(CRIMINAL 08-0278 (DRD))

sentence.   It is clear then that the petitioner was adequately represented by his

counsel and that his allegations are meritless.

### III.  CONCLUSION

"Under Strickland v. Washington, . . . counsel is not incompetent merely

because he may not be perfect.  In real life, there is room not only for differences

in judgment but even for mistakes, which are almost inevitable in a trial setting,

so long as their quality or quantity do not mark out counsel as incompetent."

Arroyo v. United States, 195 F.3d 54, 55 (1st Cir. 1999).  Petitioner has not

satisfied the first prong of Strickland.   The arguably inadequate and poor

performance of his attorney did not contribute to the ultimate outcome of the

criminal case.  There were no errors of defense counsel that resulted in a violation

of petitioner's right to adequate representation of counsel under the Sixth

Amendment.  There is present a veiled Equal Protection argument in relation to

petitioner's treatment as a deportable alien vis-a-vis an American citizen.   It is

a settled rule that "issues adverted to in a perfunctory manner, unaccompanied

by some effort at developed argumentation, are deemed waived." Nikijuluw v.

Gonzales, 427 F.3d 115, 120 n.3 (1st Cir. 2005);   United States v. Zannino, 895

F.2d 1, 17 (1st Cir. 1990).

In view of the above, I find that petitioner has failed to establish that his

counsel's representation fell below an objective standard of reasonableness.  See

CIVIL 10-1652 (DRD)                    22
(CRIMINAL 08-0278 (DRD))


Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).  Furthermore, even if petitioner had succeeded in showing deficiencies in his legal representation, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings.  See Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88).  It is impossible to find that any claimed error has produced "'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (quoting Hill v. United States, 368 U.S. at 428).

It is difficult to find that the assistant Federal Public Defender did not adequately represent the petitioner based on the petitioner's allegations.  This was a hard fought negotiation.

### III.  CONCLUSION

I find that petitioner's  motion under 2255 is time-barred and otherwise meritless.  In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection

CIVIL 10-1652 (DRD)                    23
(CRIMINAL 08-0278 (DRD))

thereto with the Clerk of this Court within fourteen (14) days of the party's receipt

of this report and recommendation.   The written objections must specifically

identify the portion of the recommendation, or report to which objection is made

and the basis for such objections.   Failure to comply with this rule precludes

further appellate review.   See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet

v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass.

Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health

& Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13,

14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

        At San Juan, Puerto Rico, this 9th day of February,  2012.


                            S/JUSTO ARENAS
                        United States Magistrate Judge

CIVIL 10-1652 (DRD)                    24
(CRIMINAL 08-0278 (DRD))